## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHITEMAK ASSOCIATES and | : | |
| PENNSYLVANIA REAL ESTATE | : | |
| INVESTMENT TRUST, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 12-4338 |
| | : | |
| OCB RESTAURANT COMPANY, LLC., | : | |
| Defendant. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **February 28, 2013**

This case arises out of a commercial lease dispute between Defendant/Tenant

OCB Restaurant Company, LLC (OCB) and Plaintiffs/Landlords Whitemak Associates

and Pennsylvania Real Estate Investment Trust (Whitemak). Before me is OCB's motion

to dismiss, which has been fully briefed and is ripe for disposition. For the following

reasons, I will deny the motion.

## I.     BACKGROUND

Whitemak sets forth the following facts in its complaint, which I accept as true

for the purpose of OCB's motion. OCB operates an Old Country Buffet restaurant in the

Whitehall Mall shopping center in Whitehall, Pennsylvania. OCB leases the premises

from Whitemak. In August 2011, Whitemak sought OCB's consent to expand Whitehall

Mall by constructing a Buffalo Wild Wings restaurant adjacent to Old Country Buffet.

OCB refused, arguing that construction of the proposed Buffalo Wild Wings would

breach § 7.01 of the parties' lease, which prohibits Whitemak from taking "any action

that would unreasonably materially interfere with access to, visibility of the premises or signage therefore or the conduct of [OCB's] business in the" premises. The parties discussed the matter via letter correspondence for roughly nine months. When Whitemak suggested in May 2012 that it would proceed without OCB's consent, OCB declared Whitemak in default under the lease and indicated that it may seek legal action. Whitemak responded by filing this lawsuit roughly two and a half months later; it seeks a declaratory judgment "that it is not in default under the Lease, that [its] proposed expansion of the Whitehall Mall does not violate the lease, and that [it] has the legal right to proceed with the proposed expansion." Whitemak has not begun construction of the Buffalo Wild Wings expansion and indicates that it will not do so until this dispute is resolved.

OCB moved to dismiss.

## II.     DISCUSSION

### A.     Amount in Controversy

Diversity jurisdiction is appropriate where the parties are citizens of different states and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332(a). OCB contends that Whitemak's action fails, in fact,[1] to meet the $75,000 amount-in-controversy requirement. Doc. No. 11 at 1-4. OCB's argument is without merit.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The Third Circuit

---

[1] "[I]n a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

has instructed courts to make this assessment from the plaintiff's viewpoint. <u>Columbia Gas Transmission Corp. v. Tarbuck</u>, 62 F.3d 538, 539 (3d Cir. 1995). The parties agree that the object of the litigation is the right to build and lease a restaurant in Whitehall Mall. I therefore must determine whether the value of the lease exceeds $75,000. <u>Miller v. Cabot Oil & Gas Corp.</u>, 3:08CV665, 2008 WL 2367293, at *2 (M.D. Pa. June 5, 2008). Whitemak, as the party asserting jurisdiction, bears the burden of making this showing. <u>Coregis Ins. Co. v. Schuster</u>, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001).

Whitemak has met its burden. Attached to its briefing, Whitemak included an affidavit from Dawn Lindquist, vice president of Simon Property Group, Inc., a Whitemak affiliate. Ms. Lindquist attests that she has been "directly involved in the proposed expansion at [Whitehall] Mall which is the subject of this litigation, including specifically the negotiation and execution of the lease" for the proposed Buffalo Wild Wings. Doc. No. 14-1 at 2. According to Ms. Lindquist, the lease for the proposed Buffalo Wild Wings sets the rent at $110,000 per year for an initial ten-year term. An affidavit from a knowledgeable person is competent evidence of the amount in controversy. <u>Miller</u>, 2008 WL 2367293, at *3. Whitemak's action easily satisfies the amount-in-controversy requirement of § 1332(a), and I therefore move the merits of OCB's motion to dismiss.[2]

---

[2] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

**B.     Propriety of Declaratory Relief**

Whitemak seeks a declaration pursuant to the federal Declaratory Judgment Act

(the Act), which provides in relevant part that "[i]n a case of actual controversy within its

jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading,

may declare the rights and other legal relations of any interested party seeking such

declaration."  28 U.S.C. § 2201(a).  "Jurisdiction conferred by this act is discretionary

and district courts are 'under no compulsion to exercise it.'"  Atl. Mut. Ins. Co. v. Gula,

84 F. App'x 173, 174 (3d Cir. 2003) (quoting State Auto Ins. Cos. v. Summy, 234 F.3d

131, 133 (3d Cir. 2000)); see also Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995);

Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942).  OCB urges me to

exercise this discretion in its favor and to dismiss Whitemak's complaint with prejudice.

OCB contends (1) that Whitemak filed this action preemptively to foreclose OCB's

choice of a state court forum and (2) that Whitemak's action is improper because an

action at law is available.  Doc. No. 5 at 1.  I address each argument in turn.

The Third Circuit has cautioned that "federal courts should not permit a

declaratory judgment action to be used as a 'method of procedural fencing, or as a means

to provide another forum in a race for res judicata.'"  Brethren Mut. Ins. Co. v. Head's

Up, Inc., CIV. 1:09-CV-1544, 2010 WL 411715, at *2 (M.D. Pa. Jan. 28, 2010) (quoting

Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1225 (3d Cir. 1989)).  OCB relies

primarily on two cases in support of its argument that Whitemak has engaged in

procedural fencing.

In Crown Cork & Seal Co., Inc. v. Borden, Inc., 779 F. Supp. 33 (E.D. Pa. 1991), the plaintiff sold defective aerosol cans to the defendant. The defendant recalled the cans, and the parties negotiated for two years over who would bear the costs. Eventually, the defendant threatened suit in the U.S. District Court for the Western District of Oklahoma if the plaintiff didn't pay. The plaintiff responded by immediately filing suit in the U.S. District Court for the Eastern District of Pennsylvania, its preferred forum, seeking a declaratory judgment that the cans weren't defective and that it did not breach its contract with the defendant. Id. at 34-35. The court dismissed the action, holding that its only purpose was to preempt the defendant's choice of forum. Id. at 35-36. Furthermore, the action would not serve the Act's purposes because the parties' contract dealings were over and there was "no 'present behavior' to affect[] regarding the rights or future conduct of either" party. Id. at 36 n.3 (quoting ACandS v. Aetna Cas. & Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981)).

OCB also relies on U.S. Surgical Corp. v. Litvack, CIV.A. 99-88-GMS, 1999 WL 33220034 (D. Del. Dec. 30, 1999). There, the plaintiff corporation shut down an affiliate with which it had recently merged, allegedly in breach of the merger agreement. The defendant shareholder threatened suit. The plaintiff filed first, seeking a declaration pursuant to the Act that it had not breached the merger agreement in shutting down its affiliate and that it owed no consideration to the defendant. Id. at *1-2. The court dismissed the action, holding that the plaintiff "clearly filed th[e] lawsuit as a preemptive strike against the one contemplated by" the defendant and that the plaintiff's case "serves

5

as a perfect illustration of the type of use of the Declaratory Judgment Act which the

Third Circuit has criticized." Id. at *5-6.

I agree with Whitemak that these cases are distinguishable from the instant matter.

In both cases the allegedly breaching conduct had already occurred by the time the

declaratory judgment action was filed.  In Crown Cork & Seal Co., Inc., the defective

cans were already sold, and in U.S. Surgical Corp., the affiliate was already shut down.

Under those circumstances, it made sense to conclude that the suits were a means of

procedural fencing, since they advanced none of the Act's purposes and served only to

preempt the declaratory defendants' coercive actions, which had fully matured and were

imminent.  By contrast, the contractual relationship between Whitemak and OCB is not

over, and the potentially breaching conduct—construction of the Buffalo Wild Wings

restaurant—has not occurred.  Unlike in OCB's cited cases, "[a] determination of legal

obligations would . . . strongly affect present behavior, have present consequences and

resolve a present dispute."  ACandS, Inc., 666 F.2d at 823; see also Schulman v. J.P.

Morgan Inv. Mgmt., Inc., 35 F.3d 799, 812 (3d Cir. 1994) ("[A] declaratory judgment . . .

should ordinarily not be granted unless the parties' plans of actions are likely to be

affected.") (citations and internal quotation marks omitted).  Because Whitemak's suit

clearly advances the Act's purposes, I find that it has not engaged in procedural fencing.

I am also not persuaded by OCB's argument that Whitemak's action should be

dismissed because an ordinary action at law is available.  The parties' briefings make

clear that OCB considers construction of the Buffalo Wild Wings restaurant, which has

not occurred, to be the breach.  Cf. Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006)

("Declaratory judgment is inappropriate solely to adjudicate past conduct."). OCB

therefore is not entitled to a coercive remedy at this stage of the parties' dispute, making

declaratory relief not only an appropriate but the only remedy.[3]

Other factors relevant in determining whether to entertain a declaratory action

bode in favor of Whitemak. The Third Circuit has instructed courts to consider "(1) the

likelihood that the declaration will resolve the uncertainty of obligation which gave rise

to the controversy; (2) the convenience of the parties; (3) the public interest in a

settlement of the uncertainty of obligation; and (4) the availability and relative

convenience of other remedies." Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213,

1224-25 (3d Cir. 1989) (citations and internal quotation marks omitted).

A declaratory judgment would definitively resolve the uncertainty of Whitemak's

rights and obligations under the lease in moving forward with the Buffalo Wild Wings

expansion. Although a convenient state forum is available, adjudicating Whitemak's

action in the Eastern District of Pennsylvania, which embraces the Lehigh County Court

of Common Pleas, appears no less convenient. To the extent the public interest is served

at all, it is better served by resolving Whitemak's claim here rather than exposing the

parties to an avoidable coercive action in the future, expending added judicial resources

in the process. Finally, there does not appear to be any superior remedy here.

I also note there is no parallel or related state action here implicating the

federalism concerns that often accompany requests for declaratory relief. Brillhart v.

---

[3] Although OCB suggests Whitemak may have breached the lease in other, less-concrete ways, Doc. No. 11 at 9-10, I find these alleged breaches too speculative to defeat Whitemak's declaratory action, particularly given that OCB has focused until now solely on *construction* of the proposed Buffalo Wild Wings.

<u>Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495 (1942).  Although the dispute involves one of

well-settled state law and promotes no federal interest, <u>State Auto Ins. Companies v.</u>

<u>Summy</u>, 234 F.3d 131, 136 (3d Cir. 2000), this is not dispositive, <u>e.g.</u>, <u>Westfield Ins. Co.</u>

<u>v. Wertz</u>, CIV.A. 10-03066, 2011 WL 2135579, at *3-4 (E.D. Pa. May 27, 2011)

(exercising discretion to hear declaratory judgment action even though it presented only

state law issues and promoted no federal interest).

Considering the parties' arguments and the above factors, and finding no good

reason to decline jurisdiction, I will exercise my discretion in favor of Whitemak and

hear its declaratory action.

## III.    CONCLUSION

For the foregoing reasons, OCB's motion is denied.

An appropriate order follows.